■ GEORGE VIDAL, Respondent, v BLOOMINGDALE BROS., DIVISION OF FEDERATED DEPARTMENT STORES, INC., et al., Appellants. — Judgment, Supreme Court, New York County (Alexander, J.), entered March 23, 1981, in plaintiff's favor for $12,000, together with interest and costs, is unanimously modified,

on the law and the facts, to the extent that the claim for malicious prosecution, arising out of the incident of March 10, 1977, is dismissed and the judgment is accordingly reduced from $12,000 to $6,000, together with interest and costs, and the judgment is otherwise affirmed, without costs. An essential element of the claim for malicious prosecution is actual malice on the part of the defendant. (See *Broughton v State of New York,* 37 NY2d 451, 457, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929.) Whether or not plaintiff had in fact signed an agreement in February, 1976 not to re-enter the store, and whether or not defendants' employees were mistaken in their belief that plaintiff had been ordered not to enter the store at that time, there is no basis for the jury to infer that the store employees did not honestly and reasonably believe that plaintiff had been ordered to stay out of the store. Accordingly, the prosecution for criminal trespass does not give rise to an action for malicious prosecution. If we were not dismissing this claim for insufficiency of evidence of malice, we would find the verdict on this point to be against the weight of the evidence. Concur — Sullivan, J. P., Ross, Carro and Silverman, JJ.