■ ARTHUR BELL et al., Respondents-Appellants, v ANTHONY R. PERRINO et al., Defendants; CITY OF NEW ROCHELLE, Respondent, and DELUXE RADIO TAXI, INC., Appellant.—In an action to recover damages for personal injuries, etc., (1) defendant Deluxe Radio Taxi, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), entered February 29, 1984, as denied its cross motion for summary judgment dismissing plaintiffs' complaint and any cross claims insofar as asserted against it and (2) plaintiffs cross-appeal from so much of the same order as granted the cross motion of the defendant City of New Rochelle for summary judgment dismissing plaintiffs' complaint and any cross claims insofar as asserted against it.

Order modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision granting defendant Deluxe Radio Taxi, Inc.'s cross motion and plaintiffs' complaint and any cross claims dismissed insofar as asserted against it. As so modified, order affirmed insofar as appealed from, with separate bills of costs payable by plaintiffs to defendants deluxe Radio Taxi, Inc., and the City of New Rochelle.

Plaintiff Arthur Bell was shot and seriously injured by defendant Perrino, an unlicensed taxicab driver, when he attempted to escape paying the taxi fare. Plaintiffs commenced this action against, among others, Deluxe Radio Taxi, Inc., the company which dispatched defendant Perrino to pick up Arthur Bell, and the City of New Rochelle. Both defendants separately moved for summary judgment. The City of New Rochelle's motion was granted; however, Deluxe's cross motion was denied.

As to defendant Deluxe, plaintiffs' complaint alleged that it was negligent in failing to supply and/or dispatch and/or hire competent, skillful and licensed taxicab drivers because it knew or should have known that defendant Perrino was given to violence and use of firearms. In support of its cross motion defendant Deluxe submitted evidence establishing that it is an independent company providing dispatching services to more than 20 cab companies in New Rochelle. While it did recommend that defendant Strazza consider employing Perrino, it was Strazza who actually hired him. Thus, based upon the allegations in the complaint and the undisputed facts with respect thereto, it is clear that plaintiffs have no cause of action against Deluxe. First, Perrino was not in the employ of Deluxe, so Deluxe cannot be held accountable for his acts under the theory of respondeat superior. Second, Deluxe merely recommended defendant Perrino for a position, it did not hire him. Thus, it cannot be held accountable for negligent hiring. Finally, a dispatcher who owns no cabs and who is an entity independent of those cab companies employing his dispatching services has no obligation to make sure that the drivers he dispatches are qualified and have no vicious propensities. This seems to be one of those instances where logic dictates that no cause of action lies as a matter of law (*see, Gibbons v Hantman,* 58 AD2d 108, *affd* 43 NY2d 941). Therefore, Deluxe's cross motion for summary judgment should have been granted.

As to defendant City of New Rochelle, "[a]bsent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty,* 42 NY2d 876, 877-878; *Garrett v Holiday Inns,* 58 NY2d 253; *accord, Worth Distribs. v Latham,* 59 NY2d 231; *O'Connor v City of New York,* 58 NY2d 184; *Motyka v City of Amsterdam,* 15 NY2d 134). Ordinances such as those at bar, requiring the licensing of the taxicab industry, are enacted for the benefit of the general public, not for the benefit of a limited class of persons (*cf. Worth Distribs. v Latham, supra; Garrett v Holiday Inns, supra; Smullen v City of New York,* 28 NY2d 66; *Motyka v City of Amsterdam, supra*). Therefore, no liability may be imposed upon the defendant city for failure to enforce those ordinances, and summary judgment was properly granted. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.