EUGENE ARNOLD et al., Appellants, v TOWN OF WILTON et al., Respondents.

Third Department, March 5, 1987

**APPEARANCES OF COUNSEL**

*Friedman, Maksail, Hirschen & Miller (Robert H. Coughlin, Jr.,* of counsel), for appellants.

*Alio, Moran & Pronti (Thomas J. Pronti* and *Richard T. Moran* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

From 1978 through 1981, plaintiffs owned property on Loudon Road in the Town of Wilton, Saratoga County, upon which they kept a variety of animals including horses, cattle, chickens, goats, dogs and a pig. On May 15, 1981, following a visit to plaintiffs' property, defendant Karl Woodcock, Dog Warden and Town Constable of Wilton, filed an information with the Wilton Town Justice charging plaintiff Eugene Arnold with failure to properly care for his animals in violation of Agriculture and Markets Law § 353, a misdemeanor.

On February 22, 1982, Arnold was brought to trial in Saratoga County Court. At the close of the prosecution's case, the charge was dismissed. Thereafter, plaintiffs sued defendants for malicious prosecution. After trial, the jury returned a verdict in favor of plaintiffs. The trial court granted defendants' motion to set aside the verdict as being against the weight of the evidence and ordered a new trial pursuant to CPLR 4404 (a). This appeal by plaintiffs ensued.

The trial court held, in substance, that while the record contained proof of facts which, if accepted, would permit an inference of guilt, there was also evidence that Woodcock did not act hastily or without consulting others, and, accordingly, acted reasonably in arriving at his determination that there was a basis for his action. The trial court, therefore, concluded that the jury gave undue weight to the inferences of malice established by plaintiffs.

Such a decision, plaintiffs insist, is internally inconsistent and cannot support the relief granted defendants. That assertion is premised on plaintiffs' contention that the trial court's decision was based on insufficient proof of malice and not insufficient proof of probable cause. Plaintiffs argue that because malice may be inferred from lack of probable cause, the decision is clearly inconsistent. We disagree.

While it is true that the Court of Appeals has noted that "a jury *may,* but is not required to, infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding" *(Martin v City of Albany,* 42 NY2d 13, 17; emphasis supplied), the court also stated " 'the absence of reasonable grounds for belief in the guilt of the accused has

little tendency to prove that the proceedings were initiated through ill will or personal hostility to the accused' " *(supra,* at 17, quoting Restatement [Second] of Torts § 669 comment a [1977]). While the language of *Martin* indicates that malice may be inferred, it also makes clear that malice and probable cause are independent elements of a malicious prosecution action and proof of one will not automatically result in an inference of the other in every case. Therefore, we reject plaintiffs' contention that no proof of malice is required if there is proof of lack of probable cause. It follows, therefore, that the trial court's finding that there was sufficient proof of lack of probable cause was not inconsistent with its finding that there was insufficient malice to support the verdict.

Since we have concluded that the trial court's decision is not internally inconsistent so as to require reversal, we are constrained to also reject plaintiffs' argument that since there was some evidence of malice in the record the trial court should not have granted defendants' motion. It has been held that the mere existence of a factual issue, in this case the question of malice, does not deprive the trial court of the power to intervene in the appropriate case *(Nicastro v Park,* 113 AD2d 129, 135).

Finally, plaintiffs assert that the weight of the evidence so preponderated in their favor that the trial court unreasonably interfered with the jury's finding of malice. In support of that contention, plaintiffs point to the fact that Arnold testified to three prior dealings he had with Woodcock at his house prior to May 15, 1981, which indicated that Woodcock held some animosity toward him. Also, plaintiffs and a friend testified that plaintiffs had fed their animals on May 14 and May 15, 1981, and they introduced photographs purporting to show plaintiffs' animals in good condition. Woodcock testified that he went to plaintiffs' property at about 9:00 A.M. on May 15, 1981 in response to a neighbor's complaint about conditions on plaintiffs' property, and observed that the animals appeared to be in poor condition. As a result of his observation, he testified that he called James Provost, a humane society officer, and Dr. Lee Schechter, a veterinarian, and requested them to inspect the property with him. Provost testified that, although plaintiffs ordered him off the property, he was able to observe debris in the corral area, the absence of grass in the pasture, bark chewed off trees and no sign of any grain bin or food or water. Based on those observations Provost felt there was due cause for the issuance of a warrant of arrest. After Arnold's

arrest, Provost returned to plaintiffs' property and confirmed his initial observations. He also testified that the photographs of animals which plaintiffs had introduced at trial were not representative of the condition of the animals on plaintiffs' property on May 15, 1981. Schechter's testimony confirmed that of Provost. Schechter further testified that the photographs of the animals did not fairly represent their condition on May 15, 1981.

While great deference must be given to the fact-finding function of the jury, there remains with the trial court a breadth of discretion which varies with the facts and events in each case. "Clearly, that discretion is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor. At that point, the question is whether the result the jury reached is so contrary to the conclusion that might fairly have been reached on the basis of the evidence that the court should exercise its power to overturn the jury's determination" *(Nicastro v Park,* 113 AD2d 129, 136, *supra).*

Here, in contradiction of plaintiffs' proof, there is undisputed evidence that Woodcock did not act hastily or without consulting others in seeking to reasonably determine whether there was a basis for his actions. Accordingly, we hold that the trial court did not abuse its discretion when it set aside the jury's verdict and ordered a new trial.

KANE, MAIN, WEISS and MIKOLL, JJ., concur.

Order affirmed, without costs.