■ BENJAMIN W. COHEN et al., Appellants, v DONALD WALES, Defendant, and BOARD OF EDUCATION OF THE WARWICK SCHOOL DISTRICT, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Patsalos, J.), dated April 14, 1986, which granted the motion of defendant the Board of Education of the Warwick School District (here-

inafter Warwick) to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In opposing Warwick's motion to dismiss, the plaintiffs failed to carry their burden of establishing a sufficient factual predicate on which to posit a duty of care owed by it to the infant plaintiff (see, CPLR 3013). The plaintiffs' claim of negligence against Warwick is based on the fact that it recommended a former employee for a position as a grammar school teacher with the Tri-Valley School District without disclosing that the teacher had been charged with sexual misconduct. Some 11 years after becoming employed by the Tri-Valley School District, the teacher caused injury to the infant plaintiff. An action for negligence does not lie unless there exists a duty on the part of the defendant and a corresponding right in the plaintiff (Palsgraf v Long Is. R. R., 248 NY 339, 341). The common law imposes no duty to control the conduct of another or to warn those endangered by such conduct, in the absence of a special relationship between either the person who threatens harmful conduct or the foreseeable victim (Pulka v Edelman, 40 NY2d 781, 782-783, rearg denied 41 NY2d 901). The mere recommendation of a person for potential employment is not a proper basis for asserting a claim of negligence where another party is responsible for the actual hiring (Bell v Perrino, 112 AD2d 124, lv denied 66 NY2d 604, 895). Nor are there sound policy reasons warranting the expansion of the common-law duty of the schools since the plaintiffs have an adequate remedy at law as against the school district which had custody of the infant at the time of the injury and also against the wrongdoer (see, Pratt v Robinson, 39 NY2d 554, 560). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.