■ CHESTER BALL, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 1.) (Claim No. 63626.)—Judgment unanimously affirmed without costs. Memorandum: Claimants, 24 owners of property damaged during a flood which occurred on August 7, 1979, appeal from judgments dismissing their claims after a trial on liability. The claims allege that the State's negligent design of the Water Street Bridge over Canadaway Creek in Fredonia caused the flooding of their property or contributed to its severity. The flooding occurred during an intense rainstorm when debris accumulated against the bridge and acted as a dam, causing the creek to overflow its banks. Claimants sought to prove that the State negligently designed the bridge with a center pier feature and without adequate "freeboard," i.e., clearance between the underside of the bridge and the anticipated high-water mark of a hypothetical 50-year flood. Claimants also contended that the State was negligent in anticipating that the creek would carry only medium debris during a 50-year flood.

The court correctly found that claimants had failed to prove that the bridge was designed without adequate study or based upon an unreasonable design decision (see, Friedman v State of New York, 67 NY2d 271, 284; Weiss v Fote, 7 NY2d 579). The proof showed that the bridge was designed after a thorough study of the site and design alternatives and that it met the State's standard for bridge design as it was sufficient to accommodate a 50-year flood. Moreover, the record demonstrates that the design adopted by the State was equal or superior to the design alternatives proposed by claimant's expert at trial in terms of capacity to accommodate a 50-year flood. In any event, the proof convincingly showed that the rainfall and debris accumulation of August 7, 1979 constituted an unanticipated and unprecedented contingency, a 100- to 500-year event, which no reasonable bridge design could accommodate. Thus, there is ample support in the record for the court's determination that the State was not negligent in designing the bridge and that any design flaw was not a proximate cause of the flooding.

We have considered the other contentions raised by claimants and determine that neither requires reversal. (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ DAVID BALL et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 2.) (Claim No. 63627.)—Judgment unanimously affirmed without costs. Same memorandum as in

*Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ MARY B. BATTAGLIA et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 3.) (Claim No. 63617.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ A. ROEBERTA BAUMUNK, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 4.) (Claim No. 63597.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ LYLE C. BEAMISH et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 5.) (Claim No. 63595.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ LOUISE M. CAMBRIA et al., Individually and Doing Business as ACME TOP & BODY SHOP, Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 6.) (Claim No. 63548.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ VIVIAN L. DICKSON, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 7.) (Claim No. 63598.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ SUE M. EVANS, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 8.) (Claim No. 63596.)—Judgment unan-