ment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ BRUCE STOKES et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 21.) (Claim No. 63606.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ ROBERT M. TADT, Doing Business as TADT'S OLD MILL, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 22.) (Claim No. 63625.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ MARGARET T. PERSCH, as Administratrix of the Estate of MARGARET M. THURN, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 23.) (Claim No. 65536.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ 233 EAST MAIN STREET, INC., Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 24.) (Claim No. 65660.)—Judgment unanimously affirmed without costs. Same memorandum as in *Ball v State of New York* ([appeal No. 1] 134 AD2d 827 [decided herewith]). (Appeal from judgment of Court of Claims, Moriarity, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ STEVEN J. VAADI, an Infant, by GEORGE K. MYRUS, His Guardian ad Litem, Respondent, v E. I. DUPONT DE NEMOURS AND COMPANY et al., Respondents, and SALLY BADOUR, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The infant plaintiff was injured by the explosion of a blasting cap which he found in a box containing a toy racing track that his mother had purchased at a church rummage sale. Plaintiff sued, among others, defendant Sally Badour on the theory that she donated