■ PATRICIA HAYES, Individually and as Mother and Natural Guardian for ANDREW HAYES, an Infant, et al., Respondents, v ROSS BAKER, an Infant, by His Parent and Natural Guardian, JANE BAKER, Defendant, and VILLAGE OF ROCKVILLE CENTRE, Appellant. [648 NYS2d 158] —In an action to recover damages for personal injuries, etc., the defendant Village of Rockville Centre appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated July 13, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Village of Rockville Centre.

The infant plaintiff was allegedly sexually abused by the defendant Ross Baker while Baker was babysitting for the child. Baker was hired by the child's mother, the plaintiff Patricia Hayes, after she obtained his name, as well as other names, from a community service referral program sponsored by the Department of Parks and Recreation of the defendant Village of Rockville Centre (hereinafter the Village). The program was established to make services such as lawn mowing, snow shovelling, house cleaning and babysitting available to community residents and to facilitate part-time employment for youths in the Village. To participate in the program, a youth completed a form indicating the types of work in which he or she was interested. The Village maintained lists of the youths who registered for the program by job categories. A resident seeking a particular service could then call for a referral and would be provided with the names of several youths from the appropriate list. The plaintiffs commenced this action against Baker and the Village, alleging against the Village that it was negligent in failing to investigate and train Baker and in misrepresenting that he was a trained and certified babysitter.

The Supreme Court erred in denying the Village's motion for summary judgment. There was no duty on the part of the Village to investigate and/or train those individuals who were referred for babysitting *(see, Cohen v Wales,* 133 AD2d 94; *Bell v Perrino,* 112 AD2d 124, *affd for reasons stated at App Div 67*

NY2d 751). Further, any failure to do so was not the proximate cause of the infant plaintiff's injuries.

The plaintiffs cannot recover based on a theory of negligent misrepresentation as they have failed to demonstrate the existence of any special relationship with the Village or that the infant's injuries were proximately caused by the alleged misstatement, both necessary elements of such a cause of action (see, Pappas v Harrow Stores, 140 AD2d 501, 504-505). Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.