■ EDLYN R. HYNES, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 88481.) [754 NYS2d

343] —In a claim to recover damages for personal injuries and wrongful death, etc., the defendant appeals, as limited by its brief, from so much of a judgment of the Court of Claims (O'Rourke, J., at liability trial; Mignano, J., at damages trial), entered November 8, 2001, as, after a nonjury trial on the issue of liability and upon a decision finding that the defendant was 50% at fault in the happening of the accident, and after a nonjury trial on the issue of damages, is in favor of the claimant and against it in the principal sum of $439,227.50, and the claimant cross-appeals from so much of the same judgment as was entered upon so much of the decision as found that the claimant's decedent was 50% at fault in the happening of the accident.

Ordered that the judgment is affirmed, without costs or disbursements.

When the State of New York is made aware of a dangerous highway condition and fails to take action to remedy it, it can be held liable for resulting injuries (*see Giske v State of New York,* 191 AD2d 675). No liability will attach unless it is established that the State had actual or constructive notice of the condition, and thereafter fails to take reasonable measures to correct the condition (*see Fowle v State of New York,* 187 AD2d 698).

In reviewing a decision after a nonjury trial, this Court's "authority is as broad as that of the trial court and * * * may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499, quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134; *DiBruno v Abrams,* 208 AD2d 672, 674).

We find no reason to disturb the court's findings that the State failed to take reasonable measures to close Route 218 after it decided to do so in response to an emergency situation, and that the State's negligence was a proximate cause of the decedent's death in an avalanche. Further, the court's apportionment of fault was supported by the credible evidence adduced at trial (*see Giske v State of New York, supra*).

The State's remaining contentions are without merit. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.