■ WILLIAM BRYANT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103376.) [805 NYS2d 634]—

In a claim to recover damages for negligence, the claimant appeals from (1) a decision of the Court of Claims (Sise, J.), dated March 25, 2004, and (2) a judgment of the same court dated April 12, 2004, which, after a nonjury trial on the issue of liability, and upon the decision, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, the claim is reinstated, and the matter is remitted to the Court of Claims for a trial on the issue of whether to apportion any fault to the appellant and, if so, the percentage of fault attributable to the appellant, and on the issue of damages, with costs to abide the event.

As part of an effort to induce out-of-state businesses to relocate to New York State, the Department of Labor of the State of New York (hereinafter the Department of Labor), through its regional manager, Calvin Weir, advised the claimant that, if he moved his business from the State of New Jersey to Orange County, New York, the Department of Labor would recruit, screen, and interview prospective employees for him free of charge. Although undisclosed to the claimant, certain individuals whom the Department of Labor recommended to prospective employers were involved in an early release program from jail or prison and had been referred to the Department of

Labor by their probation officers. One such individual, Tina Raymond, whom the claimant proceeded to hire as a bookkeeper in May 1999, was, at the time, on probation following a conviction for embezzlement from a prior employer. In January 2000 the claimant discovered that Raymond had misappropriated a check. A subsequent investigation revealed that she had stolen approximately $75,000 from the claimant's business. The claimant then commenced the present claim to recover the damages he sustained as a result of the theft. At trial, employees of the Department of Labor testified that the "screening" process which was undertaken was limited to asking various candidates whether the information recited on their resumes was accurate and that no attempt was made to contact prior employers or check personal references. Notably, one of the employers Raymond listed on her resume as a reference, an employer whose telephone number was listed in the telephone book, believed Raymond had embezzled money from him and a subsequent employer.

The court dismissed the claim, finding that the claimant failed to establish that the defendant's negligence was a proximate cause of his monetary loss. Specifically, it found that the Department of Labor did not misrepresent the nature or scope of the services it intended to provide and that the loss was caused by the claimant's failure to inquire into the backgrounds of the candidates who were referred to him. We disagree.

Once a duty is voluntarily undertaken, it must be performed with due care (*see Parvi v City of Kingston,* 41 NY2d 553, 559 [1977]). Here, the defendant failed to exercise due care in performing its assumed duty to screen job candidates. Furthermore, given that contact with the employer listed on Raymond's resume could have revealed a history of embezzlement, the defendant's failure to do so constituted a proximate cause of the losses sustained by the claimant.

The dissent would affirm the judgment on the basis of a narrow interpretation of the meaning and scope of the Department of Labor's offer to "screen" potential employees. We find that it was certainly reasonable for the claimant to conclude that the defendant's offer to screen candidates would involve something more than accepting as true the statements in their resumes and instead that it would have actually checked the candidate's references and employment history. Even this minimal level of investigation, not a "criminal background investigation" as characterized by the dissent, would have prevented the claimant's loss. Indeed, it was this affirmative representation to screen the candidates on behalf of the claimant which distin-

guishes this matter from the cases cited by the dissent. In each of those cases, although the defendants recommended an individual for potential employment, they never represented to the employer that the candidate had been screened. Here, in contrast, it is uncontroverted that the Department of Labor volunteered to recruit, screen, and interview prospective employees for the claimant in an effort to induce him to relocate his business.

We further disagree with the dissent's conclusion that it was unreasonable for the claimant to rely on the Department of Labor's assumption of the duty to screen potential employees since he was in the best position to ultimately ascertain Raymond's suitability for employment. In that regard we note that any failure on the part of the claimant to investigate the candidate himself, although it may constitute contributory negligence on his part, does not completely bar recovery but instead diminishes the amount of damages otherwise recoverable (*see* CPLR 1411). Schmidt, J.P., Goldstein and Fisher, JJ., concur.

S. Miller, J., concurs in part and dissents in part, and votes to dismiss the appeal from the decision and affirm the judgment with the following memorandum in which Krausman, J., concurs: I do not agree with the conclusion of the majority that the State of New York should be held liable in damages to the claimant for his failure to check the references of the dishonest employee he hired.

The facts are essentially as recited in the majority's decision with a few exceptions. Because he needed larger quarters, the claimant relocated his business to Orange County in reliance, inter alia, upon representations by officials of the Department of Labor of the State of New York (hereinafter the Department of Labor) that the claimant would have a pool of suitable prospective employees from which to choose, and that the Department of Labor would "screen" such prospective employees. The claimant commenced this claim alleging, inter alia, that the Department of Labor was negligent in its screening of one such prospective employee, who had a history of embezzlement. In response to his request, the Department of Labor provided the claimant with resumes of prospective employees, including that of Tina Raymond. After she was hired, Raymond allegedly embezzled $75,000 from the claimant's business. The claimant thus commenced this action to recover for the negligence of the Department of Labor. After a trial, the Court of Claims dismissed the claim. This was wholly warranted.

"The mere recommendation of a person for potential employment is not a proper basis for asserting a claim of negligence

where another party is responsible for the actual hiring" (*Cohen v Wales*, 133 AD2d 94, 95 [1987]). It was the claimant's duty to ascertain the suitability of his prospective employees (*see Jonathan A. v Board of Educ. of City of N.Y.*, 8 AD3d 80 [2004]). The Department of Labor bore no duty to investigate prospective employees (*see Hayes v Baker*, 232 AD2d 371 [1996]). The proximate cause of the claimant's damages was thus his own failure to check Raymond's references; had he done so, he would have learned of her past criminal misdeeds.

Here, the Department of Labor provided the claimant with several resumes for consideration. It is uncontroverted that the Department of Labor had agreed to "screen" job candidates. The Department of Labor did not, however, agree to perform criminal background investigations. The Department of Labor made no representations regarding Raymond's employment other than that she possessed the technical skills for the bookkeeping job the claimant desired to fill. The issue before us hinges on the reasonable meaning of "screening" in the context presented. In my view, a reasonable employer would not assume that by agreeing to screen a potential list of applicants the Department of Labor would provide thorough investigatory services regarding the candidate's background and history. A reasonable employer seeking to hire one in a critical capacity, a bookkeeper, would undertake its own investigation of that applicant's background and employment history. In this case the claimant conducted what he deemed to be an appropriate interview and decided whom to hire. The claimant failed to check the references of Raymond because he admittedly "assumed" that the Department of Labor had done so. He did so at his peril.

The majority cites to no cases to undermine my conclusion that the claimant was in the best position to ascertain Raymond's suitability for employment. The claimant's failure to make the inquiries within his authority and ability caused him to hire an embezzler. The Department of Labor did not force the claimant to hire Raymond. It was his decision. In accordance with the cases cited herein, the law permits no recovery. The majority's conclusion to the contrary is ill-conceived and unsupported.