■ Betsy Meyer Associates, Inc., Respondent, v Howard M. Lorber, Appellant, et al., Defendants. [838 NYS2d 914]—In an action, inter alia, to foreclose a mechanic's lien, the defendant Howard M. Lorber appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered June 29, 2006, which, upon an order of the same court dated March 31, 2005, granting the plaintiff's oral motion for leave to enter a default judgment and denying his motion, in effect, to dismiss the complaint, and after an inquest on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $35,348.

Ordered that the judgment is affirmed, with costs.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses'" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]). We discern no reason to disturb the Supreme Court's award of damages to the plaintiff in the principal sum of $35,348.

The parties' remaining contentions, including the appellant's contention regarding the plaintiff's oral motion for leave to enter a default judgment against him, are without merit. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.