■ JIAN REN CHEN, Appellant, v CITY OF NEW YORK et al., Respondents. [881 NYS2d 332]—In an action to recover damages for false arrest and for a violation of 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated October 1,

2007, as denied his motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages as contrary to the weight of the evidence and denied his separate postverdict motion for an order directing the defendants to pay his attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

A jury verdict "should be set aside as against the weight of the evidence only when it could not have been reached on any fair interpretation of the evidence" (*Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468, 468 [2004]). The Supreme Court properly denied the plaintiff's motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence.

Contrary to the plaintiff's contention, the jury's award of damages was not inadequate (*see Gutierrez v City of New York*, 288 AD2d 86 [2001]). The plaintiff's proof on the issue of his alleged damages was minimal and conclusory.

Moreover, under the facts of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for an award of an attorney's fee pursuant to the Civil Rights Act (*see* 42 USC § 1988 [b]; *see generally Matter of Riley v Dowling*, 221 AD2d 446, 447 [1995]; *cf. Matter of Johnson v Blum*, 58 NY2d 454, 457-458 [1983]).

The plaintiff's remaining contentions are unpreserved for appellate review, are without merit, or need not be reached in light of our determination. Rivera, J.P., Dillon, Belen and Hall, JJ., concur. [*See* 18 Misc 3d 161.]