■ WILLIAM BRYANT, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [909 NYS2d 385]—

In a claim to recover damages for negligence, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated July 21, 2009, which, upon a decision of the same court dated May 13, 2009, made after a nonjury trial on the issues of apportionment of fault and damages, inter alia, finding the defendant 60% at fault and finding him 40% at fault, and finding that he sustained damages in the principal sum of $173,681, is in favor of him and against the defendant in the principal sum of only $104,208, and the defendant cross-appeals, as limited by its brief, from stated portions of the same judgment.

Ordered that the judgment is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment in accordance herewith.

On a prior appeal (see Bryant v State of New York, 23 AD3d 592 [2005]), this Court determined that the defendant failed to exercise due care in performing its assumed duty to screen job candidates for positions with the claimant. Further, this Court determined that the defendant's failure to so exercise due care was a proximate cause of the losses sustained by the claimant when one of those job candidates, who was hired by the claimant as a bookkeeper, embezzled funds from the claimant's company (id. at 593-594). The matter was remitted to the Court of Claims for a trial on the issue of whether to apportion any fault to the claimant and, if so, to determine the percentage of fault attributable to him, and on the issue of damages (id. at 592).

On an appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the

facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]). Upon our review of the record, we find that the apportionment of 40% of the fault to the claimant is not supported by the evidence, and that 15% of the fault is appropriately apportioned to the claimant based upon, among other things, his failure to implement appropriate measures to safeguard the financial integrity of the company, such as restricting access to the company's checks. However, contrary to the claimant's contention, the finding that he sustained damages in the principal sum of $173,681 was not inadequate (*see Jian Ren Chen v City of New York*, 64 AD3d 542, 543 [2009]). Accordingly, we reverse the judgment and remit the matter for entry of an appropriate amended judgment in favor of the claimant in the principal sum of $147,628.85. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.