■ JOSEPH A. DePAULA, Appellant, v STATE OF NEW YORK, Respondent. [918 NYS2d 206]—

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Bryant v State of New York*, 77 AD3d 875, 876 [2010]; *Stevens v State of New York*, 47 AD3d 624, 625 [2008]; *Domanova v State of New York*, 41 AD3d 633, 634 [2007]).

Here, the trial court's determination that the claimant failed to establish his claim to recover damages for malicious prosecution was warranted by the facts, and we decline to disturb it. Although the trial court largely credited the account of events given by the claimant and an independent witness, neither their testimony, nor the lack of probable cause for the claimant's arrest, compels the conclusion that a prior criminal proceeding was instituted "due to a wrong or improper motive, something other than a desire to see the ends of justice served" (*Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]; *see Martin v City of Albany*, 42 NY2d 13, 17 [1977]; *Minasian v Lubow*, 49 AD3d 1033, 1035 [2008]; *Arnold v Town of Wilton*, 126 AD2d 135, 136-137 [1987]). The claimant was arrested after he admittedly called a uniformed court officer a derogatory name in a crowded courtroom, and the evidence presented at trial supports the conclusion that

the court officer acted in a good faith belief that arresting the claimant was necessary to preserve order and decorum in the courtroom and that the court officer did not act with actual malice or a wrong or improper motive (*see Vidal v Bloomingdale Bros., Div. of Federated Dept. Stores*, 85 AD2d 508, 509 [1981]).

In light of the fact that the claimant was confined for no more than 15 to 20 minutes following his arrest, and that he failed to establish that he suffered any other injury during the period between his arrest and arraignment, the amount of damages awarded by the trial court for false arrest was not inadequate (*see Jian Ren Chen v City of New York*, 64 AD3d 542 [2009]; *Gutierrez v City of New York*, 288 AD2d 86 [2001]). Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.