◼ JACQUELINE G. JONES et al., Appellants, v STATE OF NEW YORK, Respondent. [1 NYS3d 293]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lopez-Summa, J.), dated December 28, 2012, which, upon a decision of the same court dated November 20, 2012, made after a nonjury trial, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant Jacqueline G. Jones was traveling southbound on the Robert Moses Causeway when her vehicle drifted to the right and her two right tires dropped from the roadway surface onto the shoulder. The claimant contended that the defendant, State of New York, had improperly maintained the shoulder of the roadway such that there was a six-inch vertical drop from the level of the pavement to the level of the shoulder. She contended that due to this six-inch drop, she lost control of her vehicle when she remounted the roadway, and, as a result, the vehicle went off the road and struck a tree.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*DePaula v State of New York*, 82 AD3d 827, 827 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Melius v Breslin*, 46 AD3d 524, 525 [2007]; *Betsy Meyer Assoc., Inc. v Lorber*, 42 AD3d 509 [2007]). While the State has a "nondelegable duty to maintain its roads in a reasonably safe condition" (*Friedman v State of New York*, 67 NY2d 271, 286 [1986]; *see Weiss v Fote*, 7 NY2d 579, 587 [1960]), it is "not an insurer of the safety of its roads" (*Sinski v State of New York*, 2 AD3d 517, 517 [2003]; *see Carlo v State of New York*, 51 AD3d 618 [2008]). To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State was actually or constructively aware and which it failed to take reasonable measures to correct (*see Hynes v State of New York*, 301 AD2d 628, 629 [2003]; *Giske v State of New York*, 191 AD2d 675, 677 [1993]).

Here, the determination by the Court of Claims that the claimants had failed to establish the existence of a dangerous condition is supported by the record. The claimants presented no evidence as to the actual height differential between the roadway and the shoulder in the area where the accident occurred, and the court was not required to credit the estimate of six inches put forward by their witnesses.

Accordingly, the determination of the Court of Claims that the claimants failed to establish that any negligence attributable to the State proximately caused the subject accident is warranted by the facts, and we discern no basis on which to disturb it. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.