■ Juan Chavez, as Administrator of the Estate of Bryant Chavez, Deceased, Appellant, v State of New York, Respondent. [30 NYS3d 846]—

In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated January 22, 2014, which, upon a decision of the same court dated December 1, 2013, made after a nonjury trial, is in favor of the defendant and against him, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant's decedent died from injuries allegedly sustained when his car skidded on ice on a section of Route 17M in Orange County, causing his vehicle to crash into a bus. The accident occurred around noon on January 29, 2009. At trial, a supervisor for the New York State Department of Transportation testified that he patrolled the area at issue at around 6:00 a.m. or 7:00 a.m. on January 29, 2009. He testified that there was an icy condition at the location of the accident which was similar to an icy condition in photographs taken after the accident. The supervisor sent salt trucks out, and told the drivers to "blast" their "cold spots" if needed. The salt truck driver who patrolled the area that included the accident location testified that the accident location was a known "cold spot," which he would always "hit" with extra salt.

An expert witness for the claimant testified, based on his review of photographs of the accident scene, that there was no evidence that salt was spread at the accident scene. He noted the lack of salt on the dry part of the roadway. An expert witness for the State testified, based on his review of the photographs, that there was proof that the area was salted, because there was discoloration in the ice, the ice was pockmarked from where the salt kernels melted into it, and the area was not smooth. Two New York State Police investigators testified that the ice at the scene of the accident had areas of discoloration, as well as pock marks.

In a decision dated December 1, 2013, the Court of Claims ruled in favor of the State and against the claimant, finding that the claimant's contention that the area was not salted was "unsupportable." In a judgment dated January 22, 2014, the court dismissed the claim. The claimant appeals.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court,

and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*DePaula v State of New York*, 82 AD3d 827, 827 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Jones v State of New York*, 124 AD3d 599, 600 [2015]).

While the State has a "nondelegable duty to maintain its roads in a reasonably safe condition" (*Friedman v State of New York*, 67 NY2d 271, 286 [1986]; *see Weiss v Fote*, 7 NY2d 579, 587 [1960]), it is "not an insurer of the safety of its roads" (*Sinski v State of New York*, 2 AD3d 517, 517 [2003]; *see Carlo v State of New York*, 51 AD3d 618 [2008]). To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State was actually or constructively aware and which it failed to take reasonable measures to correct (*see Hynes v State of New York*, 301 AD2d 628, 629 [2003]; *Giske v State of New York*, 191 AD2d 675, 677 [1993]). "That ice, snow, or water is present on a roadway at the time of an automobile accident does not, by itself, establish negligence on the part of the State" (*Timcoe v State of New York*, 267 AD2d 375, 375 [1999]).

Here, the determination of the Court of Claims that the State took reasonable measures to correct the icy condition of which it was aware, and that the claimant failed to establish that any negligence attributable to the State proximately caused the subject accident, is warranted by the facts (*see Johnson v State of New York*, 265 AD2d 652, 653 [1999]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.