In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Ferreira, J.), dated April 1, 2015, which, upon a decision of the same court dated March 18, 2015, made after a trial on the issue of damages, is in favor of the defendant and against him dismissing the claim.
 

 Ordered that the judgment is affirmed, with costs.
 

 On June 7, 2010, the claimant allegedly was injured when the bus he was driving was struck in the rear by a dump truck owned by the defendant, the State of New York. Thereafter, the claimant commenced this claim against the defendant to recover damages for personal injuries, and the Court of Claims granted his motion for summary judgment on the issue of liability.
 

 At a trial on the issue of damages, the claimant’s treating neurosurgeon testified that an MRI of the claimant’s lumbar spine showed degenerative disc disease. The neurosurgeon also testified that the claimant experienced lower back pain that began after the accident. He noted that the source of the claimant’s pain was unknown, and that he therefore could not recommend any type of spinal surgery to reduce the pain. According to the claimant’s neurosurgeon, the claimant’s pain prevented him from doing his job as a bus driver. On cross-examination, the neurosurgeon testified that he did not recall ever testing the claimant’s range of motion.
 

 The defendant’s expert neurosurgeon testified that his neurological examination of the claimant revealed normal findings regarding strength and sensation. He also testified that he reviewed an MRI film of the claimant’s lumbar spine taken about one month after the accident and did not see “any signs of any significant bulging herniation, protrusion, or other disc pathology other than . . . some minor disc dehydration.” The defendant’s expert neurosurgeon concluded that the claimant did not have any traumatically induced neurologic dysfunction or neurologic disability. He added that the claimant “could perform his work activities.” The defendant also presented the testimony of an investigator for the New York State Attorney General’s Office, who testified that he followed the claimant shortly before the trial and observed him shoveling snow, which required frequent bending, for about 20 minutes.
 

 In a decision dated March 18, 2015, the Court of Claims found that the claimant failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). On April 1, 2015, the court issued a judgment in favor of the defendant and against the claimant dismissing the claim. The claimant appeals.
 

 “In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds ‘warranted by the facts,’ bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony” (DePaula v State of New York, 82 AD3d 827, 827 [2011], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Jones v State of New York, 124 AD3d 599, 600 [2015]).
 

 Here, the record supports the determination of the Court of Claims that the claimant failed to establish that he sustained a serious injury to the lumbar region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Staff v Yshua, 59 AD3d 614 [2009]; Fudol v Sullivan, 38 AD3d 593, 594 [2007]). Moreover, the court’s determination that the claimant did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) was warranted by the facts (see generally Che Hong Kim v Kossoff, 90 AD3d 969 [2011]; Karpinos v Cora, 89 AD3d 994, 995 [2011]; Richards v Tyson, 64 AD3d 760, 761 [2009]).
 

 The claimant’s remaining contentions are without merit.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.