Rodriguez v State of New York (2018 NY Slip Op 08050)





Rodriguez v State of New York


2018 NY Slip Op 08050


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-02734

[*1]Michael Rodriguez, et al., respondents,
v
State of New York, appellant. (Claim No. 120665)


Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Bethany A. Davis Noll of counsel), for appellant.
Goldstein & Handwerker, LLP, New York, NY (Jason Levine of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Court of Claims (Thomas H. Scuccimarra, J.), dated January 14, 2016. The interlocutory judgment, upon a decision of the same court dated November 19, 2015, made after a nonjury trial on the issue of liability, finding the defendant to be 100% at fault in the happening of the accident, is in favor of the claimants and against the defendant on the issue of liability.
ORDERED the interlocutory judgment is affirmed, with costs.
Michael Rodriguez allegedly was injured when the motorcycle he was riding struck a pothole on the Sprain Brook Parkway, causing him to lose control of and be "catapult[ed]" off the motorcycle. Michael, and his wife suing derivatively (hereinafter together the claimants), commenced this claim to recover damages for personal injuries, etc. Following a nonjury trial on the issue of liability, the Court of Claims, in a decision dated November 19, 2015, found that the defendant, the State of New York, was 100% at fault in the happening of the accident. An interlocutory judgment in favor of the claimants and against the State on the issue of liability was entered upon the decision. The State appeals from the interlocutory judgment.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (DePaula v State of New York, 82 AD3d 827, 827, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). The State, while "not an insurer of the safety of its roads" (Sinski v State of New York, 2 AD3d 517, 517; see Carlo v State of New York, 51 AD3d 618), has a "nondelegable duty to maintain its roads in a reasonably safe condition" (Friedman v State of New York, 67 NY2d 271, 286; see Weiss v Fote, 7 NY2d 579, 587). "To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State was actually or constructively [*2]aware and which it failed to take reasonable measures to correct" (Chavez v State of New York, 139 AD3d 994, 995; see Hynes v State of New York, 301 AD2d 628, 629; Giske v State of New York, 191 AD2d 675, 677).
Here, the determination of the Court of Claims, that the claimants demonstrated that the State was negligent in maintaining the subject roadway, and that this negligence proximately caused the accident, is warranted by the facts, and we discern no basis on which to disturb it.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court