W.M. Movers, Inc. v State of New York (2019 NY Slip Op 08596)





W.M. Movers, Inc. v State of New York


2019 NY Slip Op 08596


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-05609

[*1]W.M. Movers, Inc., appellant, 
v
State of New York, respondent. (Claim No. 122929)


Raneri, Light & O'Dell, PLLC, White Plains, NY (Sarah Tuttle of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for injury to property, the claimant appeals from a judgment of the Court of Claims (Debra A. Martin, J.), dated October 21, 2016. The judgment, upon a decision of the same court dated September 6, 2016, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
The claimant owned a truck which was damaged when the claimant's employee drove into a downed a tree following Hurricane Sandy in October 2012. The claimant commenced this claim to recover damages for injury to property, alleging that the State was negligent in failing to remove the fallen tree or to warn motorists of the tree. Following a nonjury trial, the Court of Claims, in a decision dated September 6, 2016, found that the State did not have actual or constructive notice of the allegedly hazardous condition prior to the accident. Thereafter, the court issued a judgment dated October 21, 2016, in favor of the defendant and against the claimant dismissing the claim. The claimant appeals.
" In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony'" (Rodriguez v State of New York, 166 AD3d 922, 923, quoting DePaula v State of New York, 82 AD3d 827, 827 [internal quotation marks omitted]; see Lucas v State of New York, 155 AD3d 710, 711; Chavez v State of New York, 139 AD3d 994, 994-995).
"The State, while not an insurer of the safety of its roads, has a nondelegable duty to maintain its roads in a reasonably safe condition" (Rodriguez v State of New York, 166 AD3d at 923 [citation and internal quotation marks omitted]; see Friedman v State of New York, 67 NY2d 271, 286; Chavez v State of New York, 139 AD3d at 995). "The State's duty to maintain its roadways in a reasonably safe condition encompasses those trees, adjacent to the roads, which could reasonably be expected to pose a danger to travelers" (Asnip v State of New York, 300 AD2d 328, 328; see Collado v Incorporated Town and/or Vil. of Freeport, 6 AD3d 378, 379; Leach v Town of Yorktown, [*2]251 AD2d 630, 630-631). " To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State was actually or constructively aware and which it failed to take reasonable measures to correct'" (Rodriguez v State of New York, 166 AD3d at 923, quoting Chavez v State of New York, 139 AD3d at 995).
Contrary to the claimant's contention, the testimony of New York State Department of Transportation employee Raymond Rhodes was not "impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (Ausch v St. Paul Fire & Mar. Ins. Co., 125 AD2d 43, 49 [internal quotation marks omitted]). The determination of the Court of Claims that the State did not have actual or constructive notice of the fallen tree at issue was warranted by the evidence (see Rubio v State of New York, 168 AD3d 892, 893; Atkins v State of New York, 123 AD3d 644, 644).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court