Dean/Carson Tappan, LLC v State of New York (2019 NY Slip Op 08653)





Dean/Carson Tappan, LLC v State of New York


2019 NY Slip Op 08653


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01957
2017-01959

[*1]Dean/Carson Tappan, LLC, appellant,
v
State of New York, respondent. (Claim No. 120620)


Mitchell Pollack & Associates, PLLC, Tarrytown, NY (Mitchell B. Pollack of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Esther Murdukhayeva of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for injury to property, the claimant appeals from (1) a decision of the Court of Claims (Stephen J. Mignano, J.), dated November 15, 2016, and (2) a judgment of the same court, dated January 4, 2017. The judgment, upon the decision, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
After the Sparkill Creek in Rockland County overflowed its banks during Hurricane Irene in 2011, causing damage to the claimant's neighboring real property, the claimant commenced this claim, alleging that the defendant's negligence in the design, construction, and repair of bridge footings, a concrete wall, and a culvert in the area had caused or exacerbated the flooding.
Following a trial, the Court of Claims determined that the defendant was not liable for the property damage and entered a judgment in favor of the defendant and against the claimant dismissing the claim. The claimant appeals.
" In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony'" (Jones v State of New York, 124 AD3d 599, 600, quoting DePaula v State of New York, 82 AD3d 827, 827 [internal quotation marks omitted]).
Here, the trial record supports the determination of the Court of Claims that the [*2]claimant failed to prove the defendant's liability for damage to the claimant's property. The reliance of the claimant's expert on general principles of displacement and water flow, such as Archimedes' principle and Manning's equation, were insufficient to identify any specific industry standards or establish their violation during either the initial construction of the structures at issue or their later modifications (see generally Veccia v Clearmeadow Pistol Club, 300 AD2d 472; Vizzini v State of New York, 278 AD2d 562, 563), and were similarly inadequate to demonstrate that any work performed by the defendant contravened accepted design and engineering practices. Moreover, the opinions advanced by the claimant's expert were based on current environmental conditions, without any evidence that similar conditions existed at the time of the original construction of the structures. Finally, the evidence at trial demonstrated that the severity of Hurricane Irene constituted a greater than 100-year storm event which the defendant was not obligated to anticipate or design against (see Ball v State of New York, 134 AD2d 827).
The claimant's remaining contentions are without merit or need not be reached in light of our determination.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court