In the Matter of COMMUNITY ACTION ORGANIZATION OF ERIE COUNTY, INC. (CAO), et al., Petitioners, v EDWARD MERCADO, as Commissioner of New York State Division of Human Rights, et al., Respondents. [689 NYS2d 807] —Determination unanimously annulled on the law without costs, petition granted and cross petition denied. Memorandum: Petitioners commenced this proceeding to annul the determination of respondent Commissioner of the New York State Division of Human Rights (Commissioner) that petitioner Community Action Organization of Erie County, Inc. (CAO) unlawfully discriminated against respondent Lucille Gerardi-Bronstein (complainant) based on her race with respect to her employment as the office manager of CAO's Drug Abuse Research & Treatment Clinic (D.A.R.T.). The Commissioner entered a cease and desist order against CAO and awarded complainant back wages and compensatory damages. Respondent New York State Division of Human Rights (Division) cross-petitioned for judicial enforcement of the Commissioner's order.

The underlying complaint filed with the Division was directed at the actions of D.A.R.T.'s director and alleged that complainant was given a proportionately smaller pay raise and denied opportunities for job training and career advancement. It further alleged that the treatment of complainant by D.A.R.T.'s director created a hostile work environment.

Even assuming, arguendo, that the determination that there was unlawful discrimination by D.A.R.T.'s director is supported by substantial evidence, we conclude that the determination that CAO condoned that discrimination is not supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). "Condonation * * * contemplates a knowing, after-the-fact forgiveness or acceptance of an offense" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687). "Condonation may be disproved by a showing that the employer reasonably investigated a complaint of discriminatory conduct and took correc-

tive action" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 53-54, *lv denied* 89 NY2d 809).

Contrary to the finding of the Commissioner, CAO did not "ignore the discrimination issue". There was a prompt investigation of complainant's "informal discrimination complaint" by CAO's Equal Employment Opportunity (EEO) Officer, who concluded that the problem was more likely the result of a personality conflict than racial animus. That officer met with the parties and mediated a settlement of complainant's grievances. That settlement agreement was approved by the EEO Committee of CAO and presented to CAO's Executive Board for its approval. Although that board was not able to fund a salary increase because of CAO's limited resources, a memorandum instructing D.A.R.T.'s director and complainant on proper behavior was placed in their personnel files pursuant to the board's directive. The EEO officer then continued monitoring the situation. Under no version of the facts can it be said that CAO acquiesced in the D.A.R.T. director's alleged misconduct. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Gorski, J.) Present— Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.