■ MICHAEL L. MONTEIRO, Respondent, v STATE OF NEW YORK, Appellant. [810 NYS2d 714]—

Appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered March 25, 2005. The order granted claimant's motion for permission to file a late claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: On a prior appeal, we affirmed an order granting defendant's motion to dismiss the claim asserting a cause of action for intentional infliction of emotional distress (*Monteiro v State of New York,* 303 AD2d 970 [2003]). We agree with defendant that the Court of Claims erred in granting claimant's subsequent motion for permission to file a late claim against defendant asserting a cause of action for negligent infliction of emotional distress inasmuch as the claim does not "appear[ ] to be meritorious" (Court of Claims Act § 10 [6]). Here, the sole cause of action in the proposed claim is without merit because it is subject to the exclusive remedy provisions of the Workers' Compensation Law (*see Lawson v Electronic Data Sys.,* 184 AD2d 1037, 1038 [1992], *lv denied* 80 NY2d 757 [1992]; *see also Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel,* 18 AD3d 274 [2005]; *see generally Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 416 [1984]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.