■ MURIEL OBEN, Respondent, v CHARMER INDUSTRIES, INC., Appellant, et al., Defendant. [831 NYS2d 461]—

In an action to recover damages, in effect, for negligence, the defendant Charmer Industries, Inc., appeals from an order of

the Supreme Court, Queens County (O'Donoghue, J.), dated October 3, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, with costs, and the motion of the defendant Charmer Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

"While an intentional tort may give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employee' " (*McNally v Posterloid Corp.*, 15 AD3d 456, 457 [2005], quoting *Mylroie v GAF Corp.*, 81 AD2d 994, 995 [1981], *affd* 55 NY2d 893 [1982]). The plaintiff's allegations failed to establish the elements of an intentional tort so as to fall under this exception to the exclusivity provision of Workers' Compensation Law § 29 (*see McNally v Posterloid Corp., supra; Fucile v Grand Union Co.*, 270 AD2d 227, 228 [2000]; *Edgarian v Boxart, Inc.*, 237 AD2d 484 [1997]). Accordingly, the Supreme Court should have granted the motion of the defendant Charmer Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.