■ MARGARET J. BARBATO, Respondent, v BRENT D. BOWDEN, Appellant. [880 NYS2d 817]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered December 7, 2007 in an action for, inter alia, negligence. The order, insofar as appealed from, denied the motion of defendant to dismiss the first, second, fifth, and eighth causes of action.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the motion to dismiss the first, second, and fifth causes of action and dismissing those causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from defendant's alleged "concerted campaign to harass, sexually harass, and intimidate her." According to plaintiff, the alleged conduct occurred at the elementary school where she was employed as a teacher and defendant was employed as the principal. Although defendant moved to dismiss the complaint, he now raises a new ground in support of his motion with respect to the first and second causes of action, for negligence, contending that they are barred by the exclusive remedy provisions of the Workers' Compensation Law. Although that contention is therefore not preserved for our review (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]), we nevertheless address it inasmuch as " 'the issue [raised therein] is one of law appearing on the face of the record that [plaintiff] could not have countered if it had been raised in the court of first instance' " (*Hoke v Hoke*, 27 AD3d 1055, 1055 [2006]). We agree with defendant that those causes of action are indeed barred, inasmuch as "workers' compensation is intended to be the exclusive remedy for work-related injuries" (*Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416 [1984]; *see* Workers' Compensation Law § 29 [6]; *Monteiro v State of New York*, 27 AD3d 1133 [2006]). We therefore modify the order accordingly.

We further agree with defendant that Supreme Court erred in denying that part of his motion to dismiss the fifth cause of action, alleging a violation of the Human Rights Law (Executive Law art 15), and we therefore further modify the order accordingly. Pursuant to Executive Law § 296 (1) (a), "an employer" is prohibited from discriminating against any individual on the ground of gender "in terms, conditions or privileges of employment." In a case involving a school district, a plaintiff alleging the violation of the Human Rights Law is required to file a notice of claim against the school district pursuant to Education Law § 3813 (2). Thus, even assuming, arguendo, that defendant is liable under that statute as an employer because he had the "power to do more than carry out personnel decisions made by others" and was acting within the scope of his employment (*Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]; *see also Layaou v Xerox Corp.*, 298 AD2d 921, 922 [2002]), we conclude that the fifth cause of action must be dismissed on the ground that plaintiff failed to file the requisite notice of claim against the Central Square Central School District.

We reject plaintiff's contention that defendant is bound by an alleged stipulation made by his former attorney that the sexual comments were not within the scope of defendant's employment. That stipulation does not appear in the record and thus does not bind defendant. "[T]here [can be] no open court settlement agreement within the meaning of CPLR 2104 where the purported agreement was never transcribed or entered into any court record" (*Matter of Janis*, 210 AD2d 101, 101 [1994]). We further agree with defendant that he cannot be held liable for aiding and abetting a violation of the Human Rights Law "[w]here[, as here,] no violation of the Human Rights Law by another party has been established" (*Strauss v New York State Dept. of Educ.*, 26 AD3d 67, 73 [2005]; *see* Executive Law § 296 [6]).

Finally, we reject the contention of defendant that the court erred in denying that part of his motion to dismiss the claim for a violation of 42 USC § 1983 based on, inter alia, a hostile work environment (*see generally DiPalma v Phelan*, 81 NY2d 754, 756 [1992]). Present—Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.