■ In the Matter of MEDICAL EXPRESS AMBULANCE CORP. et al., Petitioners/Cross-Respondents, v GALEN D. KIRKLAND et al., Respondents, and NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross-Petitioner. [913 NYS2d 296]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated September 30, 2008, which adopted the recommendation and findings of an administrative law judge dated June 17, 2008, made after a hearing, finding that the complainant, Beverly Johnson, was subjected to a hostile work environment because of her sex in violation of Executive Law § 296, and awarded the complainant the sum of $80,000, plus interest at the rate of 9% per annum from the date of the determination, in compensatory damages for mental anguish and humiliation, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is granted and the cross petition is denied, with costs, the determination is annulled, and the administrative complaint is dismissed.

The complainant, a former employee of Medical Express Ambulance Corp. (hereinafter MEA), alleged that, over a period of months in 2005, her supervisor, Frank Martinez, made repeated unwelcome and abusive sexual advances towards her, and that those advances were so severe that she was forced to

request a transfer to another department. She testified that Martinez constantly offered her alcohol, asked for kisses, told her that he loved her, and found ways to touch her arms, shoulders, legs, and hair. Although she repeatedly asked him to stop, she testified that "[e]very single day it was something." She further testified that he asked her out for drinks "[c]ountless" times, called her cell phone "constantly," and even called her at home. She indicated that she felt like a "slave" and a "hostage" and that, as a result, she eventually requested a transfer to another division. On September 18, 2006, the complainant filed a complaint with the New York State Division of Human Rights (hereinafter the DHR).

After a hearing, and upon the recommendation and findings of an administrative law judge, the Commissioner of the DHR (hereinafter the Commissioner) found that the complainant was subjected to a hostile work environment on the basis of her sex in violation of Executive Law § 296, determined that MEA was liable pursuant to Executive Law § 296 (1) because it acquiesced in and condoned the discriminatory conduct, and found that Martinez was personally liable pursuant to Executive Law § 296 (6) as an aider and abettor. The Commissioner awarded the complainant the sum of $80,000, plus interest at the rate of 9% per annum from the date of the determination.

Although there is evidence in the record that the complainant was subjected to unwelcome sexual advances that altered the condition of the workplace (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44 [1996]), we find that the Commissioner improperly imposed liability on MEA.

Under the Executive Law, "[a]n employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985] [internal quotation marks omitted]; *see Bianco v Flushing Hosp. Med. Ctr.*, 54 AD3d 304, 305 [2008]; *Matter of New York City Health & Hosps. Corp. v New York State Div. of Human Rights*, 236 AD2d 310, 310-311 [1997]). Although an employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]), condonation "contemplates a knowing, after-the-fact forgiveness or acceptance of an offense" (*id.* at 687). Therefore, only after an employer knows or should have known of the improper conduct can it undertake or fail to undertake action which may be

construed as condoning the improper conduct (*see Bianco v Flushing Hosp. Med. Ctr.*, 54 AD3d at 305; *Vitale v Rosina Food Prods.*, 283 AD2d 141, 142 [2001]). It is axiomatic that a complaint must allege wrongful conduct as of the date it is filed. Here, the Commissioner's finding was based only upon MEA's actions subsequent to the filing of the formal administrative complaint. There is no evidence in the record to indicate that MEA was put on notice of Martinez's alleged sexual harassment before the complaint with the DHR was filed (*see Matter of New York City Health & Hosps. Corp. v State Div. of Human Rights*, 236 AD2d at 310-311; *Matter of Community Action Org. of Erie County [CAO] v Mercado*, 261 AD2d 935 [1999]). Therefore, it was impossible for MEA to have simultaneously been put on notice of improper sexual conduct and at the same time been guilty for failing to undertake a sufficient investigation into that conduct.

The DHR's contention that the failure to have a policy regarding sexual harassment constitutes condonation is unpersuasive in light of the fact that condonation requires knowledge of the improper conduct. No authority suggests that merely failing to have a sexual harassment policy is substantial evidence to support a finding that the employer condoned the sexual harassment.

We also find that the Commissioner improperly imposed liability on Martinez. Martinez cannot be held liable for aiding and abetting a violation of Executive Law § 296 (1), since there was no cognizable legal basis for holding MEA liable thereunder (*see Barbato v Bowden*, 63 AD3d 1580 [2009]; *Strauss v New York State Dept. of Educ.*, 26 AD3d 67 [2005]). Moreover, Martinez cannot be held liable under Executive Law § 296 (6) for aiding and abetting his own violation of the Human Rights Law (*see Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 707 [2006]; *Strauss v New York State Dept. of Educ.*, 26 AD3d at 73; *Murphy v ERA United Realty*, 251 AD2d 469, 472 [1998]; *Trovato v Air Express Intl.*, 238 AD2d 333, 334 [1997]).

The petitioners' remaining contention has been rendered academic in light of our determination. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.