■ JANINE FARRELL, Appellant, v STATE OF NEW YORK, Respondent. [930 NYS2d 478]—

During the morning of May 15, 2002, the claimant was injured while driving to work on the Manhattan-bound Gowanus Expressway when a metal brake shoe went through her windshield and struck her in the face. As is relevant here, the claimant commenced this claim against the State of New York. After a nonjury trial on the issue of liability, the Court of Claims dismissed the claim, finding that the State was not negligent and that, in any event, any breach of a duty was not a proximate cause of the claimant's injuries. The claimant appeals from the judgment dated July 6, 2010, which dismissed the claim. We affirm.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DePaula v State of New York*, 82 AD3d 827 [2011]; *Bryant v State of New York*, 77 AD3d 875, 876 [2010]; *Stevens v State of New York*, 47 AD3d 624, 625 [2008]; *Domanova v State of New York*, 41 AD3d 633, 634 [2007]).

Here, the trial court's determination that the claimant failed to establish her claim to recover damages for personal injuries was warranted by the facts, and we decline to disturb it. Contrary to the claimant's contention, she failed to establish that the State breached its duty to maintain the highway in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Lopes v Rostad*, 45 NY2d 617, 623 [1978]; *Fiege v State of New York*, 189 AD2d 748 [1993]). Constructive notice of a dangerous condition may not be established through the State's general awareness that debris may exist on the highway (*see Hart v State of New York*, 43 AD3d 524, 525 [2007]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.