■ MICHAEL DOE, Appellant, v STATE OF NEW YORK, Respondent. [933 NYS2d 688]—

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Farrell v State of New York*, 88 AD3d 638 [2d Dept 2011]; *DePaula v State of New York*, 82 AD3d 827 [2011]; *Bryant v State of New York*, 77 AD3d 875, 876 [2010]; *Stevens v State of New York*, 47 AD3d 624, 625 [2008]).

Here, the trial court credited the claimant's testimony that two fellow correction officers employed by the New York State Department of Correctional Services, now known as the Department of Corrections and Community Supervision (hereinafter the DOCS), subjected him to sexual assaults on February 15, 2006, but concluded that the exclusivity provisions of the Workers' Compensation Law barred him from recovering damages

against his employer for the intentional torts of his coworkers. The Workers' Compensation Law provides the exclusive remedy for an employee who seeks damages for injuries which he or she incurs in the course of employment (*see* Workers' Compensation Law §§ 11, 29 [6]; *Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772, 779 [1998]; *Pereira v St. Joseph's Cemetery*, 54 AD3d 835, 836 [2008]). Although an exception to the exclusivity provisions of the Workers' Compensation Law exists where the employer commits an intentional or deliberate act directed at causing harm to the injured employee (*see Pereira v St. Joseph's Cemetery*, 54 AD3d at 836; *Oben v Charmer Indus., Inc.*, 37 AD3d 791 [2007]; *Fucile v Grand Union Co.*, 270 AD2d 227, 228 [2000]), the trial court's determination that this exception is inapplicable was warranted by the facts. The claimant conceded at trial that the conduct of the coworkers who sexually assaulted him was outside the scope of their employment as correction officers, and there is no evidence that the DOCS directed or instigated the assaults, or participated in the assaults in any manner. Accordingly, the trial court properly dismissed so much of the claim as sought to recover damages, in effect, for assault and battery (*see Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel*, 18 AD3d 274, 275 [2005]; *Miller v Huntington Hosp.*, 15 AD3d 548, 549 [2005]).

The trial court also properly dismissed so much of the claim as sought to recover damages for sexual harassment in employment in violation of Executive Law § 296. "Under the Executive Law, '[a]n employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it' " (*Matter of Medical Express Ambulance Corp. v Kirkland*, 79 AD3d 886, 887 [2010], quoting *Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *see Beharry v Guzman*, 33 AD3d 742, 743 [2006]). It is only after an employer knows or should have known of improper discriminatory conduct that it can "undertake or fail to undertake action which may be construed as condoning the improper conduct" (*Matter of Medical Express Ambulance Corp. v Kirkland*, 79 AD3d at 887-888; *see Bianco v Flushing Hosp. Med. Ctr.*, 54 AD3d 304, 305 [2008]). Here, the evidence presented at trial does not support a finding that the DOCS knew or should have known of the improper conduct of the claimant's coworkers and condoned the improper conduct by failing to take remedial action. At trial, the claimant conceded that he did not report the improper conduct of his coworkers to his direct supervisor or to "anyone in a management-level position within the facility/work unit," as required by the sexual harassment policy of the DOCS, set

forth in its Directive No. 2605. He also initially failed to report the improper conduct to the DOCS Diversity Management Office in accordance with the policy outlined in a memorandum to employees dated October 24, 2005. The evidence presented at trial further showed that when the claimant ultimately reported the improper conduct of his coworkers to the DOCS Diversity Management Office months after it had occurred, the DOCS promptly investigated his complaint and referred the matter to the relevant District Attorney's office. Accordingly, the trial court's finding that the DOCS did not subject the claimant to sexual harassment was warranted by the facts, and should not be disturbed.

The claimant's remaining contentions either are improperly raised for the first time appeal, are without merit, or need not be reached in light of our determination. Rivera, J.P., Eng, Belen and Austin, JJ., concur.