■ HARRY JANSSEN, Appellant, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents. [942 NYS2d 182]—

In an action, inter alia, to recover damages for sexual harassment in employment in violation of Executive Law § 296 (1), the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 14, 2010, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and (2) so much of a judgment of the same court entered April 15, 2011, as, upon the order, is in favor of the defendants and against him dismissing the first cause of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing so much of the first cause of action as was predicated on Executive Law § 296 (1) (a) insofar as asserted against the defendant Incorporated Village of Rockville Centre; as so modified, the judgment is affirmed insofar as appealed from, that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as was predicated on Executive Law § 296 (1) (a) insofar as asserted against the defendant Incorporated Village of Rockville Centre is denied, the order is modified accordingly, and so much of the first cause of action as was predicated on Executive Law § 296 (1) (a) is reinstated insofar as asserted against the defendant Incorporated Village of Rockville Centre; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Under the Executive Law, an employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it. It is only after an employer knows or should have known of improper discriminatory conduct that it can undertake or fail to undertake action which may be construed as condoning the improper conduct" (*Doe v State of New York*, 89 AD3d 787, 788 [2011] [citations and internal quotation marks omitted]).

Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing so

much of the first cause of action as was predicated on Executive Law § 296 (1) (a) insofar as asserted against the defendant Incorporated Village of Rockville Centre. The evidentiary proof submitted in support of the defendants' motion failed to eliminate all triable issues of fact in this regard (*see Doe v State of New York*, 89 AD3d 787 [2011]; *Vitale v Rosina Food Prods.*, 283 AD2d 141, 142 [2001]). Accordingly, that branch of the defendants' motion should have been denied regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Balkin, Lott and Miller, JJ., concur.