*486 In an action, inter alia, to recover damages for sexual harassment in employment, based on the creation of a hostile work environment, in violation of title 8 of the New York City Administrative Code, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), entered May 18, 2011, as granted those branches of the motion of the defendants Roman Catholic Diocese of Brooklyn and St. Ephrem’s Church which were for summary judgment dismissing the second, sixth, seventh, and eighth causes of action, which alleged a violation of title 8 of the New York City Administrative Code, negligence, negligent hiring, and negligent supervision, respectively, insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a student worker at St. Ephrem’s Church (hereinafter the parish), was sexually harassed by a visiting priest who was also employed by the parish (hereinafter the visiting priest). The plaintiff did not complain of earlier incidents, but, after a particularly egregious incident, informed the parish’s other priests (hereinafter the parish priests). The parish priests took immediate action to redress the plaintiff’s complaints, including, via a church hotline, referring her to law enforcement authorities.
The plaintiff commenced this action alleging, inter alia, that the parish and the Roman Catholic Diocese of Brooklyn (hereinafter together the Diocese defendants) should have realized that the visiting priest had sexually harassed her or was likely to do so. She asserted causes of action alleging violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107 et seq. [hereinafter the City Human Rights Law]), negligence, and negligent hiring and supervision. The Diocese defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiff appeals, as limited by her brief, from so much of the order as granted those branches of the Diocese defendants’ motion which were for summary judgment dismissing her causes of action alleging violation of the City Human Rights Law, negligence, negligent hiring, and negligent supervision insofar as asserted against them. The plaintiff appeals, and we affirm the order insofar as appealed from.
The City Human Rights Law prohibits, inter alia, discrimination on the basis of sex by employers (see Administrative Code *487 of City of NY § 8-107 [1] [a]). Where an employee complains of sex discrimination, which includes sexual harassment (see Williams v New York City Hous. Auth., 61 AD3d 62, 75 [2009]), the employer will be held liable, inter alia, where “the employer should have known of the employee’s or agent’s discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct” (Administrative Code of City of NY § 8-107 [13] [b] [3]).
Here, the Diocese defendants met their prima facie burden of demonstrating that they had neither actual nor constructive knowledge that the visiting priest had sexually harassed the plaintiff or was likely to do so. Even viewing the record in the light most favorable to the plaintiff, the conduct of which the plaintiff contends the parish priests were aware was insufficient to alert them to any potential problem with the visiting priest (cf. Liang v Rosedale Group Home, 19 AD3d 654, 655-656 [2005]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 163 [1997], cert denied 522 US 967 [1997]; see also Doe v State of New York, 89 AD3d 787, 788 [2011]; Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886, 887-888 [2010]). Since the plaintiff failed to raise a triable issue of fact in opposition to the Diocese defendants’ prima facie showing that they neither knew nor should have known that the visiting priest was likely to sexually harass the plaintiff, the Supreme Court properly granted that branch of the Diocese defendants’ motion which was for summary judgment dismissing her City Human Rights Law cause of action.
Similarly, an employer’s actual or constructive knowledge of an employee’s propensity to engage in the conduct which caused the injury is a “ ‘necessary element’ ” of causes of action to recover damages for negligent hiring and supervision (Peter T. v Children’s Vil., Inc., 30 AD3d 582, 586 [2006], quoting Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 161). Here, since the plaintiff failed to raise a triable issue of fact in opposition to the Diocese defendants’ showing that they lacked either actual or constructive knowledge of the visiting priest’s propensity to engage in discriminatory conduct and, upon learning of his conduct, acted promptly to redress it, the Supreme Court properly granted those branches of the Diocese defendants’ motion which were for summary judgment dismissing these causes of action.
The plaintiffs remaining contentions are without merit (see Vasquez v County of Nassau, 91 AD3d 855, 858 [2012]; Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d at 888; Boehme v A.P.P.L.E., A Program Planned for Life Enrichment, *488 298 AD2d 540, 541 [2002]). Florio, J.P., Balkin, Hall and Miller, JJ., concur.