*994 In an action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296, the defendant Stephen LoBlanco appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated October 10, 2012, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Stephen LoBlanco which was to dismiss the first cause of action insofar as asserted against him is granted.
The plaintiff commenced this action against one of her co-employees, the defendant Stephen LoBlanco, and their employer, the defendant Town of Haverstraw, alleging, inter alla, that she was subjected to sexual harassment and a hostile work environment in violation of Executive Law § 296. The Supreme Court denied that branch of LoBlanco’s motion which was to dismiss the first cause of action insofar as asserted against him, concluding that the plaintiff stated a cause of action pursuant to Executive Law § 296 (6).
The first cause of action is premised upon an allegation that LoBlanco’s conduct and comments created a hostile work environment, and that the Town knew or should have known of this conduct but failed to take appropriate remedial actions. Since the plaintiff failed to allege that LoBlanco aided, abetted, incited, compelled, or coerced the Town’s alleged discriminatory behavior, she has not sufficiently pleaded a cause of action pursuant to Executive Law § 296 (6) (see Mitchell v TAM Equities, Inc., 27 AD3d 703, 707 [2006]; Murphy v ERA United Realty, 251 AD2d 469, 472 [1998]; cf. Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886, 888 [2010]; Strauss v New York State Dept. of Educ., 26 AD3d 67, 72-73 [2005]). Consequently, the Supreme Court should have granted that branch of LoBlanco’s motion which was to dismiss the first cause of action insofar as asserted against him. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.