Chamale-Eustace v State Univ. of N.Y. at Stony Brook (2026 NY Slip Op 00236)

Chamale-Eustace v State Univ. of N.Y. at Stony Brook

2026 NY Slip Op 00236

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-11413
 (Index No. 207511/22)

[*1]Monica Chamale-Eustace, respondent, 
vState University of New York at Stony Brook, et al., defendants, Matthew Berchuck, etc., appellant.

Rachel Schulman, Esq. PLLC, Great Neck, NY, for appellant.
Brendan Chao (Bergstein & Ullrich, New Paltz, NY [Stephen Bergstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of 42 USC § 1983 and the New York State Human Rights Law, the defendant Matthew Berchuck appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 8, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action and the third and fourth causes of action insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Matthew Berchuck which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action and the third and fourth causes of action insofar as asserted against him are granted.
On or about August 14, 2021, the plaintiff, a female surgical technologist employed by the defendants State University of New York at Stony Brook, Stony Brook University Hospital, and Stony Brook Medicine (hereinafter collectively the Stony Brook defendants), assisted in a surgery performed by the defendant Matthew Berchuck, a surgeon employed by the Stony Brook defendants. The plaintiff alleged that during the surgery, Berchuck, inter alia, struck the plaintiff in the arm with a closed fist while holding a surgical instrument, threw surgical instruments and needles at her, and screamed and cursed at her. In addition, the plaintiff alleged that Berchuck belittled other female staff members who were assisting in the surgical procedure, but he did not treat male staff members in a similar manner. Further, the plaintiff alleged that the Stony Brook defendants were aware of and failed to address similar incidents of misconduct by Berchuck in the past.
In December 2022, the plaintiff commenced this action, asserting causes of action alleging, among other things, employment discrimination on the basis of gender in violation of 42 USC § 1983 based on disparate treatment against Berchuck (first cause of action), employment discrimination on the basis of gender in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296) based on disparate treatment (third cause of action) and hostile work environment (fourth cause of action), and common-law negligence against Berchuck (sixth cause of action). In the third and fourth causes of action, the plaintiff alleged that Berchuck aided [*2]and abetted violations of the NYSHRL.
Berchuck moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action and the third and fourth causes of action insofar as asserted against him. In an order dated August 8, 2023, the Supreme Court, among other things, denied those branches of the motion. Berchuck appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must give the complaint a liberal construction, accept the facts alleged therein as true, provide the plaintiff the benefit of every possible favorable inference, and "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38).
The Supreme Court should have granted that branch of Berchuck's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action. A plaintiff asserting a disparate treatment claim under 42 USC § 1983 must allege that he or she "suffered an adverse employment action" (Buon v Spindler, 65 F4th 64, 79 [2d Cir]; see Muldrow v St. Louis, 601 US 346, 354; Naumovski v Norris, 934 F3d 200, 212 [2d Cir]). Here, even accepting the allegations in the complaint as true and giving the plaintiff the benefit of every possible favorable inference, the plaintiff failed to allege an adverse employment action that would be sufficient to state a cause of action alleging disparate treatment under 42 USC § 1983 (see Vega v Hempstead Union Free Sch. Dist., 801 F3d 72, 89 [2d Cir]; cf. Mathirampuzha v Potter, 548 F3d 70, 73, 78 [2d Cir]; Franco v City of New York, 2025 WL 964014, *5-8, 2025 US Dist LEXIS 61030, *14-23 [ED NY, No. 19-CV-5905 (AMD) (CLP)]; Ahmad v New York City Health & Hosps. Corp., 2021 WL 1225875, *17, 2021 US Dist LEXIS 62986, *47-49 [SD NY, No. 20 Civ. 675 (PAE)]).
The Supreme Court also should have granted those branches of Berchuck's motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fourth causes of action, alleging violations of the NYSHRL, insofar as asserted against him. The complaint failed to state causes of action alleging aiding and abetting discrimination against Berchuck, as he may not be held liable for aiding and abetting his own violation of the NYSHRL (see Perez v Y & M Transp. Corp., 219 AD3d 1449, 1451; Croci v Town of Haverstraw, 116 AD3d 993, 994; Goldin v Engineers Country Club, 54 AD3d 658, 660; cf. Elco v Aguiar, 226 AD3d 649, 651).
Further, the Supreme Court should have granted that branch of Berchuck's motion which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, alleging common-law negligence against him. The plaintiff abandoned that cause of action by failing to address it in opposition to Bercheck's motion and in her brief on appeal (see Ferdous v Hasan, 236 AD3d 992, 994; Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1015).
Berchuck's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court