■ BARBARA BURBACH, Appellant, v CITY OF NEW YORK et al., Respondents. [598 NYS2d 516] —Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about May 19, 1992, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff, a passenger injured in an accident involving a licensed taxicab driver with numerous violations which might have supported revocation of his license by the New York City Taxi and Limousine Commission prior to the accident, seeks damages for defendants' failure to enforce their own rules and regulations. However, absent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation *(Sanchez v Village of Liberty,* 42 NY2d 876; *cf., Cuffy v City of New York,* 69 NY2d 255, 260). Ordinances requiring the licensing of the taxicab industry are enacted for the benefit of the general public, not for the benefit of a limited class of

persons *(Bell v Perrino,* 112 AD2d 124, 125, *affd* 67 NY2d 751). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.