■ SIAN GREEN, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [57 NYS3d 1]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 4, 2016, which granted the motion of defendants City of New York, New York City Department of Transportation and New York City Taxi & Limousine Commission to dismiss the complaint as against them, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Plaintiff was severely injured when, while standing on the sidewalk, a taxicab hopped the curb and struck her. The taxi driver had numerous penalty points on his license that might have supported a suspension of his license prior to the accident, and plaintiff alleges that the failure to suspend the driver sooner was the result of a "computer glitch" at defendant Taxi & Limousine Commission. Plaintiff seeks damages for the City defendants' failure to enforce their own rules and regulations. However, absent a special relationship giving rise to a duty on the part of the municipality to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation (see Valdez v City of New York, 18 NY3d 69, 75 [2011]).

Plaintiff alleges no facts sufficient to show a special duty owed by the City defendants to her. She set forth no statutory provisions or other facts to show that the taxi licensing regulations she sued under were for the benefit of a limited class of persons that included her, as opposed to the public at large (see Burbach v City of New York, 194 AD2d 391 [1st Dept 1993]). Nor has she alleged that the City defendants voluntarily assumed a duty that generated reasonable reliance, or that they assumed positive direction and control in the face of a known, blatant and dangerous safety violation. Accordingly, the complaint was properly dismissed as against the City defendants (see Metz v State of New York, 20 NY3d 175 [2012]).

As these defects were not cured by plaintiff's proposed amended complaint, her cross motion to amend was also

properly denied (*cf. MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]). Concur—Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.

Motion to dismiss appeal denied.