Rosa A. v D&E Equities, Inc. (2019 NY Slip Op 09094)





Rosa A. v D&E Equities, Inc.


2019 NY Slip Op 09094


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, González, JJ.


10611 10610 10609 10608 10607 10606 10605 29794/18E

[*1] Rosa A., etc., et al., Plaintiffs-Respondents,
v
D & E Equities, Inc., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Gawayne Blake, etc., et al., Plaintiffs-Respondents,
v
D & E Equities, Inc., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Ethel Stewart Hall, et al., Plaintiffs-Respondents,
v
D & E Equities, Inc., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Isadora Nembhard, et al., [*2] Plaintiffs-Respondents,
v
Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Hilda Ohmteng, etc., Plaintiff-Respondent,
v
D & E Equities, Inc., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Ramdhanie Rajkumar, et al., Plaintiffs-Respondents,
v
D & E Equities, Inc., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, Defendant-Appellant.
Carmaleta H.S., etc., et al., Plaintiffs-Respondents,
v
D & E Equities, Inc., et al.,
 Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants, The City of New York, [*3] Defendant-Appellant.


Zachary W. Carter, New York (Jeremy W. Shweder of counsel), for appellant.
Lisa M. Comeau, Garden City, for Rosa A., Christian Moto, Catalina Santiago Sanchez, Luz H., Milka G., Noel Martinez, Enoc Martinez, Nana Y., Emelia Acheampong, Yadriana K., Gawayne B., Kadian B., Ethel Stewart Hall, Sasha A., Isadora Nembhard, Steven Kay, Hilda O., Ramdhanie Rajkumar, Janet Lockhart, Joel Rodriguez, Betty Rodriguez, Albert Bryant, Cynthia Bryant, Allen Cannon, Matthew Igbinedion, Ester Sakyl, Thiermo Diallo, Seydou Diabate, Fauta Kande, Diana Reyes, Natalyn Negron, Robert Mensah, Michael Morgan, Kenneth Owusu Kodsa, James Addo, Carmaleta H.S. and Ernesto S., respondents.
Faust Goetz Schenker & Blee, New York (Jeffrey Rubinstein of counsel), for D & E Equities, Inc., and Annal Management Company, Ltd. respondents.



Orders, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 6, 2019 and February 15, 2019, which denied the motions of defendant City of New York to dismiss the complaints and any cross claims asserted against it by defendants D & E Equities, Inc. and Annal Management Company, Ltd., unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgments accordingly.
At issue on these related appeals is whether the complaint in each of the actions alleges defendant City had a special relationship with plaintiffs such that it may be held liable to them for its alleged negligence in failing to inspect or correct safety violations, failure to ensure a fire hydrant was operable, failing to investigate or remove the child who allegedly started the fire, and/or failing to properly combat the fire (see generally Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426 [2013]). The complaints "allege[] no facts sufficient to show a special duty owed by the City defendants," requiring dismissal such claims (Green v City of New York, 150 AD3d 439, 439 [1st Dept 2017]). Furthermore, the spoliation of evidence claims against the City must also be dismissed as New York does not recognize an independent tort for either first- or third-party negligent spoliation of evidence (see Wood v NYU Hosps. Ctr., 116 AD3d 590, 591 [1st Dept 2014], lv denied 24 NY3d 914 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK